## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENORVAL RODEL NORWOOD,   ) | |
|        ) | |
|     Petitioner,    ) | |
|        ) | |
| v.        ) | Case No. CIV-25-961-JD |
|        ) | |
| JOHN MASQUELIER, Warden,   ) | |
|        ) | |
|     Respondent.    ) | |

## REPORT AND RECOMMENDATION

Petitioner Denorval Rodel Norwood, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.[1] United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

Respondent filed a response, in which he attached the opinion of the Oklahoma Court of Criminal Appeals (OCCA), the appellate briefs, portions of state-court transcripts, and portions of the appellate record. Doc. 14. Respondent also provided to the Court complete copies of the original state-court record for Pottawatomie County Case No. CF-2020-243, trial transcript,

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

and trial exhibits. Docs. 15 & 16. Respondent also conventionally filed exhibits that could not be filed electronically. Doc. 18. And Petitioner replied. *See* Doc. 20. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner habeas corpus relief.

## I. Petitioner's conviction and grounds for relief.

On September 25, 2023, following a jury trial, Petitioner was convicted in the Pottawatomie County District Court on one count of rape by instrumentation (Count I) and two counts of rape in the first degree of S.H (Counts II & III). Doc. 1, at 1; Doc. 14, Ex. 5, at 6-8. On January 26, 2024, the state court sentenced Petitioner to ten years' imprisonment on Count I, five years' imprisonment on Count II, and ten years' imprisonment on Count III, to be served consecutively. Doc. 1, at 1; Doc. 14, Ex. 1, at 1-2; Doc. 15, Att. 1, at 981-83.

At trial, the jury heard evidence that the victim, S.H.,[2] was 31 years' old on June 14, 2016, when she met Petitioner, and the events leading to Petitioner's arrest transpired. Doc. 15, Att. 1, at 633, 656. S.H.'s mother

---

[2] The undersigned uses the same initials for S.H. as Respondent. Doc. 14, at 3 n.4.

testified that S.H. was diagnosed with Down's Syndrome as an infant and possesses the understanding and comprehension level of a child in second grade. *Id.* at 555. S.H.'s mother testified she allowed S.H. to have a cellphone with internet access but monitored S.H.'s internet usage due to concerns about sexual predators. *Id.* at 564-66. However, S.H. was allowed to use a "karaoke" application. *Id.* at 565.

In the early morning hours of June 14, 2016, S.H. accessed her karaoke application, and an advertisement for the "MeetMe app" popped up. *Id.* at 268-69. S.H. clicked on the advertisement and began exchanging messages with an individual named Chop Norwood, who was identified as Petitioner by law enforcement through the cell phone number he provided to S.H. and a Facebook photo. *Id.* at 579, 619-634, 784-86; Doc. 16, Att. 2. at 38. In the text messages, Petitioner offered to bring S.H. something to smoke or drink, asked for her address and a photo, and wrote "'I want to make love. Ok[.]'" Doc. 15, Att. 1, at 619-634; Doc. 16, Att. 2, at 41-48.

S.H. testified that on the night of her assault, a man with "brown or black" skin picked her up in a white car and took her to a white house where all the furniture was pushed to the middle. Doc. 15, Att. 1, at 683-90. S.H.'s mother testified that S.H. told her that the man "put her on the car and raped her in the middle of the street[]" with "his fingers, she believed[,]" then "he

brought her in the house" where "[h]e took her to a couch and . . . did it to her again." *Id.* at 580; *see also id.* at 688-698.  The jury heard specific testimony that S.H. had indicated to her mother and others that the man who raped S.H. used his fingers and his penis. *Id.* at 580, 688-94, 750. However, S.H. could not specifically identify Petitioner as her assailant. *Id.* at 703.

S.H. reported her assault to her mother the same morning during a physical therapy appointment. *Id.* at 576-81. S.H.'s mother drove S.H. to the Shawnee Police Department, which referred S.H. to a clinic for a sexual assault nurse examination. *Id.* at 619, 642, 748-54. The nurse noted areas of deep redness to the hymenal folds and a general redness in the anal area consistent with sexual trauma, although she could not specifically state in what manner the trauma was inflicted. *Id.* at 754-57. The nurse also collected swabs from S.H. for DNA analysis, which revealed that Petitioner was a potential source of DNA, although the results were inconclusive and included "[a] minimum of two males[.]" *Id.* at 760-62, 807, 824-25.

Petitioner did not testify at trial. *Id.* at 916-17. However, the jury viewed a portion of a video of a police interview of Petitioner. *Id.* at 784; *see* Doc. 18 (June 16, 2016 police interview of Petitioner). In the interview, Petitioner acknowledged messaging with S.H. on the "MeetMe" app and meeting S.H. at her house with the intention of having sex with her. Doc. 18, at 4:30-4:43, 5:54,

10:21-10:23. Petitioner said he thought S.H. was intoxicated, so they sat in his car at the front of S.H.'s driveway and briefly talked. *Id.* at 4:48-5:35, 11:23-11:33, 11:38-11:45. Petitioner said he had no idea S.H. had Down's Syndrome. *Id.* at 5:10, 10:45-11:02. He said he hugged her and S.H. kissed him on the cheek. *Id.* at 8:38-8:47.

Petitioner timely filed a direct appeal, Doc. 14, Ex. 2, and the OCCA affirmed Petitioner's convictions and sentences. Doc. 14, Ex. 1, at 4.

On August 25, 2025, Petitioner filed this action, raising a single ground for relief: insufficiency of the evidence. Doc. 1, at 3-9. Respondent concedes Petitioner exhausted this claim on appeal. Doc. 14, at 2.

## II.    Standard of review for habeas relief.

"The standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') guide [this Court's] review of 28 U.S.C. § 2254 applications." *Wellmon v. Colo. Dep't of Corr.*, 952 F.3d 1242, 1245 (10th Cir. 2020). A petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of petitioner's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Petitioner bears the "burden to make this showing and it is a burden

intentionally designed to be 'difficult to meet.'" *Owens v. Trammell*, 792 F.3d 1234, 1242 (10th Cir. 2015) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). This standard "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 335 n.5 (1979) (Stevens, J., concurring in judgment)).

This Court first determines "whether the petitioner's claim is based on clearly established federal law." *Hanson v. Sherrod*, 797 F.3d 810, 824 (10th Cir. 2015); *see also Menzies v. Powell*, 52 F.4th 1178, 1195 (10th Cir. 2022) ("We first determine whether the Supreme Court has clearly established the pertinent constitutional protection."). Clearly established federal law consists of Supreme Court holdings in cases with facts much like those in the petitioner's case. *See House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If clearly established federal law exists, this Court then considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *See Owens*, 792 F.3d at 1242.

"A state court's decision is 'contrary to' clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than

the Court has on a set of materially indistinguishable facts.'" *Id.* (quoting *Dodd v. Trammell*, 753 F.3d 971, 982 (10th Cir. 2013)). "It is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be 'diametrically different' and 'mutually opposed' to the Supreme Court decision itself." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

"The unreasonable application prong requires [the petitioner to prove] that the state court identified the correct governing legal principle from Supreme Court decisions but unreasonably applied that principle to the facts of the prisoner's case." *Owens*, 792 F.3d at 1242 (alterations incorporated and internal quotation marks omitted). On this point, "the relevant inquiry is not whether the state court's application of federal law was incorrect, but whether it was objectively unreasonable." *Id.* (internal quotation marks omitted). "In other words, 'so long as fairminded jurists could disagree on the correctness of the state court's decision,' habeas relief is unavailable." *Id.* at 1243 (quoting *Harrington*, 562 U.S. at 101).

## III.   Analysis.

Petitioner argues that the State did not present sufficient evidence to convict him, because "the witness testimony [was] incredible, contradictory

and unsubstantiated." Doc. 1, at 3. Petitioner presented this claim on direct appeal, and the OCCA rejected the claim. Doc. 14, Ex. 1, at 2-4. Respondent argues that the OCCA's ruling was a reasonable application of clearly established federal law and was not based on an unreasonable determination of the facts. Doc. 14, at 14-29. The undersigned agrees.

### A.    The OCCA's ruling.

Reviewing Petitioner's insufficient evidence claim on appeal, the OCCA held:

> The ultimate question of sufficiency of the evidence should be resolved with deference to the fact finder and in a light most favorable to the State. *Dodd v. State*, 2004 OK CR 31, ¶ 80, 100 P.3d 1017, 1041; *see also Spuehler v. State*, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-04 (finding that viewing evidence in light most favorable to the State, a verdict will not be overturned if any rational trier of fact could have found the elements of the crime to exist beyond a reasonable doubt). We also accept all reasonable inferences and credibility choices that tend to support the verdict. *Coddington v. State*, 2006 OK CR 34, ¶ 70, 142 P.3d 437, 456.

> In order to sustain a conviction of rape by instrumentation, the State was required to prove that the defendant penetrated the vagina of the victim with a part of his body other than his penis, without her consent, resulting in bodily harm, where force or fear was used or threatened, with apparent power of execution to the victim, or where the victim was incapable through mental illness or any other unsoundness of mind, whether temporary or permanent, of giving legal consent. 21 O.S.Supp.2015, § 1111.1; 21 O.S.Supp.2015, §§ 1111(A)(2)-(3); *see also* OUJI-CR(2d) (2012 Supp.) 4-125. In order to sustain a conviction of first degree rape, the State must prove that the defendant had sexual intercourse with a person who was not his spouse, where force/violence was used against the person and the defendant had the apparent power

to carry out the threat/violence, or where the victim was incapable through mental illness or any other unsoundness of mind, whether temporary or permanent, of giving legal consent. 21 O.S.Supp.2015, §§ 1111(A)(2) or (3); *see also* OUJI-CR(2d) (2012 Supp.) 4-120.

Review of the entire record, viewed in the light most favorable to the State, shows sufficient evidence was provided to support finding Appellant guilty of all three counts. Proposition I is denied.

Doc. 14, Ex. 1, at 2-4.

## B.    Clearly established law.

A petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324. *Jackson* requires that a habeas court review the evidence "in the light most favorable to the prosecution." *Id.* at 319. "Expressed more fully, this means a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (quoting *Jackson*, 443 U.S. at 326). Finally, "[s]tate law determines the parameters of the offense and its elements and a federal court may not reinterpret state law." *Tillman v. Cook*, 215 F.3d 1116, 1131-32 (10th Cir. 2000) (internal quotation marks omitted).

### C.  The OCCA's decision was not contrary to or an unreasonable application of *Jackson*.

Based on a review of the testimony and other evidence presented at trial, the jury's verdict was "'within the bounds of reason.'" *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) (quoting *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993)); *see also Jackson*, 443 U.S. at 319. Moreover, this Court's *Jackson* review is "'sharply limited[,]' and a court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004) (quoting *Messer*, 74 F.3d at 1013).

Petitioner fails to meet his burden under *Jackson*. He asks this Court to re-evaluate the credibility of the witnesses and re-weigh the evidence, Doc. 1, at 6-9, which, as set forth above, is not the role of this Court on habeas review. Because the OCCA reasonably applied *Jackson*, the undersigned recommends denying habeas corpus relief on Ground One.

### D.  Actual innocence.

In one line of the petition, Petitioner asserts he is "actually innocent." *See* Doc. 1, at 9. The undersigned declines to construe the petition as raising a freestanding habeas claim based on actual innocence. And Petitioner

acknowledges in his reply that such a claim would be unexhausted, s*ee* Doc. 20, at 16, and that he did not intend to raise an actual innocence claim. *Id.*

## IV.   Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny the petition for habeas corpus relief, Doc. 1.

The undersigned advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court **on or before July 21, 2026**, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of June, 2026.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE