**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DENORVAL NORWOOD,<br><br>Petitioner,<br><br>v.<br><br>JOHN MASQUELIER, Warden,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-00961-JD |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Suzanne Mitchell. [Doc. No. 23]. For the reasons outlined below, the Court accepts the R. & R. as modified herein and denies the petition.

## I. BACKGROUND

### A. Procedural History

Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. No. 1]. The Court referred the matter to Judge Mitchell for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. Judge Mitchell considered the record, including the Petition, Respondent's Response and supporting exhibits, and Petitioner's Reply. [*See* Doc. No. 23 at 1–2].[1] Petitioner argued that the State did not present sufficient evidence to convict him because "the witness testimony [was] incredible, contradictory and unsubstantiated." [Doc. No. 1 at 3; *see also id.* at 8].

[1] For all record citations in this order, the Court uses page numbering from the top of the CM/ECF stamp at the top of the district court docket filing.

Petitioner contends the Oklahoma Court of Criminal Appeals ("OCCA") unreasonably applied clearly established federal law as set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). [*Id.* at 4].

In recommending denial of habeas relief, the R. & R. concluded that the OCCA reasonably applied clearly established law. [*See* Doc. No. 23 at 10]. The R. & R. advised Petitioner of his right to object by July 21, 2026, and warned that failure to file timely objections would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 11 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))]. Petitioner filed timely objections. [Doc. No. 24].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not timely objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). Accordingly, the Court conducts a de novo review of the objected-to portions of the R. & R.

**B. Factual Background**

The full factual background of this case is outlined in the R. & R. [*See* Doc. No. 23 at 2–5]. Following a jury trial in the Pottawatomie County District Court, Petitioner was convicted of one count of rape by instrumentation and two counts of rape in the first

degree of S.H., a woman diagnosed with Down's Syndrome as an infant. [Doc. No. 1 at 1, 3; Doc. No. 23 at 2–3]. At trial, the evidence the jury heard included the testimony of S.H.'s mother, testimony of S.H., electronic messages between Petitioner and S.H., testimony from the sexual assault nurse examiner who examined S.H., and video of the police interview conducted with Petitioner. [*See* Doc. No. 23 at 3–5]. Although S.H. testified regarding her rape, she did not specifically identify Petitioner as her assailant. [*Id.* at 4]. However, the jury heard testimony about her electronic messages with Petitioner preceding the rape and Petitioner's statements during his police interview that he met with S.H. at her house with the intention of having sex with her. [*Id.* at 4–5]. Additionally, DNA analysis collected from swabs of S.H. indicated Petitioner was a potential source of DNA, although the results were inconclusive and indicated a minimum of two males. [*Id.* at 4].

Petitioner filed a timely direct appeal, and the OCCA affirmed Petitioner's convictions and related sentences. [*Id.* at 5]. Petitioner filed his habeas action, challenging the sufficiency of the evidence supporting his conviction. [*Id.*]. As stated by Petitioner, his "sole proposition" in the instant habeas Petition "consist[s] of 'insufficient evidence' pursuant to [the] *Jackson v. Virginia* test." [Doc. No. 20 at 2].

The R. & R. considered Petitioner's claim. [Doc. No. 23 at 5–10]. The R. & R. specifically considered whether the OCCA's review of Petitioner's state court convictions was an unreasonable application of the principles announced in *Jackson v. Virginia*, 443 U.S. 307, 325 (1979). [*See id.* at 10].

Petitioner objects to the R. & R. on the following grounds. First, Petitioner objects

to the R. & R.'s conclusion that the OCCA's decision was not contrary to or an unreasonable application of *Jackson*. [Doc. No. 24 at 4–12]. Petitioner argues that the testimony at his trial did not establish all the elements of the crimes of which he was convicted. [*See id.*]. Second, Petitioner asserts that the R. & R. did not consider all his arguments, specifically those raised in his Reply. [*Id.* at 3].

## II. ANALYSIS

### A. The Court agrees with the R. & R. that the OCCA decision was not an unreasonable application of *Jackson*.

Turning first to the Petitioner's objection that the R. & R. incorrectly found that the OCCA decision was not an unreasonable application of *Jackson*, the Court notes that Petitioner's objection rehashes arguments made in his Petition that Judge Mitchell already considered. As outlined in the R. & R., the OCCA considered Petitioner's claim that insufficient evidence existed to support each element of his convictions and determined that "[r]eview of the entire record, viewed in the light most favorable to the State, shows sufficient evidence was provided to support finding Appellant guilty of all three counts." [Doc. No. 23 at 9]. Petitioner disputes this conclusion, stating that no evidence was present on the following elements of the crimes of which he was convicted: (1) penetration or intercourse and (2) use of force. [Doc. No. 24 at 8, 11]. However, as outlined in Respondent's Response, evidence was present at trial that S.H. was raped and that Petitioner was with S.H. on the night of the rape. [*See* Doc. No. 14 at 21–22]. The State also presented evidence of S.H.'s injury and pain. [*See id.* at 22–23].

Although Petitioner disagrees with the weight the jury gave that evidence,

"*Jackson* requires a reviewing court to review the evidence 'in the light most favorable to the prosecution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (quoting *Jackson*, 443 U.S. at 319). "Expressed more fully, this means a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* (quoting *Jackson*, 443 U.S. at 326). Accordingly, as found by the R. & R., the OCCA correctly deferred to the jury's resolution of the conflicting inferences permitted by the evidence in this case. The Court, therefore, concurs with the R. & R.'s conclusion.

**B. The Court modifies the R. & R. to further address Petitioner's claim under § 2254(d)(2).**

Next, Petitioner objects that the R. & R. did not address his claim under § 2254(d)(2). [Doc. No. 24 at 4]. He states the OCCA decision was based on an unreasonable determination of the facts considering the evidence presented in the state court proceeding under § 2254(d)(2). [*See* Doc. No. 1 at 5; *see also* Doc. No. 20 at 3, 15].

As outlined in the R. & R., Petitioner may challenge his conviction under either ground outlined in § 2254(d)–that the OCCA's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence." [Doc. No. 23 at 5 (quoting 28 U.S.C. § 2254(d)(1)–(2))]. The R. & R. agreed with Respondent "that the OCCA's ruling was a reasonable application of clearly established federal law and was not based on an unreasonable

determination of the facts." [*Id.* at 8 (citing Doc. No. 14 at 14–29); *see also id.* at 9–10]. Although the Court concurs, it modifies the R. & R. to further address Petitioner's arguments under § 2254(d)(2).

Under § 2254(d)(2), the Court considers whether the adjudication of the claims against Petitioner "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The Court examines Petitioner's sufficiency of the evidence claim under the standards stated in *Jackson*, which means the Court's role is "to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 318. The *Jackson* court clarified that "this inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 318–19 (internal quotation marks and citation omitted).

Petitioner argues that no evidence was present on several elements of his convictions, thus the evidence does not support a finding of guilt beyond a reasonable doubt. First, Petitioner argues that the victim did not testify at trial that Petitioner penetrated her by any means or had sexual intercourse with her. [Doc. No. 24 at 8]. However, S.H. did testify at trial that a man penetrated her with his finger and that she was raped. [Doc. No. 15-1 at 11–13]. The sexual assault nurse examiner who examined S.H. also testified that S.H. told her she was raped by a man using his penis. [*Id.* at 748,

750]. S.H.'s mother testified that S.H. told her she was raped twice and was penetrated with either the perpetrator's finger or penis. [*Id.* at 41–43]. The State introduced evidence of Petitioner's text messages with S.H. on the night she was raped indicating that Petitioner was coming to her house. [Doc. No. 16-2 at 38–49]. Petitioner stated he was with S.H. on the night she was raped during his police interview. [*Id.* at 54; *see also* Doc. No. 14 at 8–9]. From the above evidence, the Court concludes that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner raped S.H. beyond a reasonable doubt.

Petitioner also states that no evidence was present that force was used, which is an element of the offense. The State presented evidence at trial regarding evidence of trauma on S.H.'s body during the physical examination. [Doc. No. 15-1 at 753–54]. The Court also notes that, per the jury instructions, the jury did not have to find that the rape was perpetrated by force. Instead, the jury was instructed as follow regarding Rape by Instrumentation: "where force or violence is used or threatened, accompanied by apparent power of execution to the victim or to another person; and/or where the victim is incapable through mental illness or any other unsoundness of mind, whether temporary or permanent, of giving legal consent." [Doc. No. 14-5 at 3; *see also id.* at 4 (similar instruction for Rape in the First Degree)]. Accordingly, the jury was able to find Petitioner guilty without finding force was used due to S.H.'s incapacity to consent due to Down's Syndrome. The Court, therefore, concludes that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the State satisfied this element of rape beyond a reasonable doubt.

Based on the above, the Court agrees with the R. & R. that the OCCA correctly determined that sufficient evidence was present to support Petitioner's conviction.

**C. The Court overrules Petitioner's remaining objections regarding arguments the R. & R. did not consider.**

Petitioner also objects to the R. & R. on the basis that it did not consider certain contradictory evidence that Petitioner claims establishes reasonable doubt. Specifically, Petitioner states that the R. & R. did not consider evidence that S.H. implicated another potential perpetrator of her rape during her forensic interview and that she told the interviewer that her mother "gave [her] the rape story." [Doc. No. 24 at 12–13]. However, the Court's role is not to re-weigh the evidence and make credibility determinations. As outlined in *Jackson*, the Court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *McDaniel*, 558 U.S. at 133 (quoting *Jackson*, 443 U.S. at 326). The Court, therefore, must limit its inquiry to whether a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt and presume the jury resolved credibility determinations in favor of S.H.

Next, the Court addresses Petitioner's objection that the R. & R. did not consider his argument that the OCCA did not adjudicate his claim on the merits. [Doc. No. 24 at 3]. Petitioner states that "[i]f the state appellate court has not addressed the merits of a claim, the court exercises its independent judgment" and cites *Littlejohn v. Trammell*, 704 F.3d 817, 825 (10th Cir. 2013). [*Id.*]. In that case, the Tenth Circuit stated as follows:

> For federal habeas claims not adjudicated on the merits in state-court proceedings, we exercise our independent judgment and review the federal district court's conclusions of law de novo. The district court's factual determinations are reviewed for clear error. But any state-court findings of fact that bear upon the claim are entitled to a presumption of correctness rebuttable only by clear and convincing evidence.

*Littlejohn*, 704 F.3d at 825 (quotation modified). The state court findings that Petitioner challenges are clearly those that bear upon the claims against him as he challenges the sufficiency of the evidence supporting his convictions. Accordingly, the Court rejects Petitioner's assertion that the R. & R. should have exercised "independent judgment" on the merits of his claim. [Doc. No. 24 at 3].

Petitioner also states that the reviewing court (the Court assumes the OCCA) should have disregarded S.H.'s testimony "as inherently incredible or impossible on its face." [*Id.* at 4 (quoting *United States v. Pike*, 36 F.3d 1011, 1013 (10th Cir. 1994))]. However, the reviewing court only must disregard testimony when other evidence "require[s] that . . . testimony be disbelieved." *Pike*, 36 F.3d at 1013. Here, Petitioner does not present evidence that rises to that level but instead presents evidence that could undercut S.H.'s credibility, a determination the jury was entitled to make. The Court, therefore, overrules this objection.

## III. <u>CONCLUSION</u>

For the reasons outlined above, the Court accepts the Report and Recommendation of the United States Magistrate Judge [Doc. No. 23] as modified herein and denies Petitioner's Petition. Considering the legal standards, the Court concludes that Petitioner has not made the necessary showing for a certificate of appealability and denies a

certificate of appealability.[2]

IT IS SO ORDERED this 3rd day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

[2] *See* Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).